UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISON

ANDREW JAMES NEVINS                PLAINTIFF

v.            CIVIL ACTION NO. 3:23-CV-P496-JHM

RCC                      DEFENDANT

**MEMORANDUM OPINION AND ORDER**

  Plaintiff Andrew James Nevins initiated this *pro se* 42 U.S.C. § 1983 prisoner civil-rights action. This matter is before the Court on initial review of the complaint pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will dismiss this action.

**I.**

  Plaintiff was previously incarcerated as a convicted prisoner at Roederer Correctional Complex (RCC). He is now incarcerated at Luther Luckett Correctional Complex (LLCC). He sues RCC for events he alleges occurred on "July 27 or 28th I believe of 2022." He states as follows in the complaint:

> When I was at the [RCC] I had a severe hernia left untreated. . . . I got locked up in the cage for something I asked to use the restroom and by the guard was denied because of the severity of the hernia when I pushed it back in the pain caused me to urinate in my pants. I took them off and cleaned up the urine as best as I could put them outside of the cage and told guard what happened. He kicked them back to me and told me if I didn't put them on I would get sprayed. I got a write up, embarrassed and humiliated . . . . They then transferred me to [LLCC] . . . .

(DN 1).

  As relief, Plaintiff seeks damages and release from incarceration.

**II.**

  When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion

of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true."  *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).  "But the district court need not accept a 'bare assertion of legal conclusions.'"  *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).  Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III.

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere.  *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001).  Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).  "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a

2

person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Defendant RCC is a Kentucky state prison. A state prison facility is not a person or legal entity capable of being sued under § 1983. *See Parker v. Mich. Dep't of Corr.*, 65 F. App'x 922, 923 (6th Cir. 2003); *Ryan v. Corizon Health Care*, No. 13-525, 2013 U.S. Dist. LEXIS 153886, at *19 (W.D. Mich. Oct. 28, 2013) ("[T]he individual prisons named as Defendants in this action are . . . buildings used by the MDOC to house prisoners. They are not the proper public entity for suit."); *Poole v. Mich. Reformatory*, No. 09-13093, 2009 U.S. Dist. LEXIS 82798, at *3 (E.D. Mich. Sept. 11, 2009) (holding that prison facilities are not "persons" or legal entities subject to suit under § 1983). Thus, the Court will dismiss Plaintiff's claims against RCC for failure to state a claim upon which relief may be granted.

As to Plaintiff's request that he be released from incarceration, Plaintiff cannot obtain such relief in a § 1983 action. "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Thus, Plaintiff's request for release must also be dismissed for failure to state a claim upon which relief may be granted.

However, before dismissing this action, the Court will provide Plaintiff the opportunity to file an amended complaint in which he names specific RCC officials as Defendants in this action. *See, e.g.*, *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[U]nder Rule 15(a) [of the Federal Rules of Civil Procedure,] a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA [Prison Litigation Reform Act].").

IV.

For the foregoing reasons, **IT IS ORDERED** that Plaintiff's claims against RCC are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted. As such, the **Clerk of Court** is **DIRECTED** to **terminate RCC as a party to this action**.

If Plaintiff chooses to file an amended complaint, **IT IS ORDERED that he file it within 30 days** of entry of this Memorandum Opinion and Order and name as Defendants any RCC official(s) who allegedly violated his constitutional rights based upon the allegations set forth in the complaint. In the amended complaint, Plaintiff should 1) describe each Defendant's allegedly wrongful actions; 2) sue each Defendant in his/her individual capacity; and 3) completes a summons form for each Defendant.

The **Clerk of Court** is **DIRECTED** to send Plaintiff a § 1983 complaint form with the words "Amended Complaint" and the instant case number written in the caption. The **Clerk of Court** shall also send Plaintiff four blank summons forms with the instant case number affixed to them.

**If Plaintiff fails to file an amended complaint within the time allotted, the Court will DISMISS this action for the reasons set forth herein**.

Date: November 13, 2023

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
4414.011

4